PATRICK JAMES COLLINS V. STATE.

No. 31,007. November 4, 1959.

*Reynold M. Gardner*, Amarillo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 60 days in jail and a fine of $50.00.

The witnesses Barnes and West, who were riding in separate automobiles, testified that the appellant unexpectedly pulled away from the curb in his automobile, and that their own two vehicles were involved in a collision, partially as a result of their efforts to miss the appellant; that the appellant brought his automobile to a halt and returned to the scene of their collision; that he walked unsteadily, smelled of intoxicants, did not speak clearly, and they expressed the opinion that he was intoxicated.

Officer Daniel testified that he arrived at the scene of the

collision, observed the appellant staggering around, noticed that he spoke with a thick tongue, smelled strongly of intoxicants, expressed the opinion that he was intoxicated, and that he placed him under arrest.

Appellant testified that he had drunk only three beers on the evening in question, denied that he was intoxicated, and said that it was his custom to call a cab to take him home any time he drank more than three or four beers. He was corroborated by the testimony of an employee and a patron of the bar where he had been prior to the incident in question.

The jury resolved the conflict in the evidence against the appellant; we find it sufficient to support its verdict and shall discuss the contentions advanced in appellant's brief.

He first complains because the state propounded to two witnesses a question about what the appellant had said after he was placed under arrest. On each occasion the objection to the question was sustained, and the question was not answered. We are cited no authority and know of none which holds reversible error to be reflected by the foregoing.

He next complains that the state was permitted to ask an employee of the bar on cross-examination whether or not she had ever seen a person who drank all day, or one who was referred to as a "wino." We have concluded that reversible error is not reflected by this bill.

Finding no reversible error, the judgment of the trial court is affirmed.